HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MAXIE A. MOORE,

              Plaintiff,

        v.

BUREAU OF PRISONS, et al,

             Defendants.

Case No. C10-5406RBL

ORDER

THIS MATTER comes on before the above-entitled Court upon the Respondents' Return and Motion to Dismiss [Dkt. #13]. Having considered the entirety of the records and file herein, the Court finds and rules as follows:

Moore is currently in the custody of the Bureau of Prisons ("BOP") serving a 48-month sentence for Unlawful Production of an Identification Document, Social Security Fraud, and Aggravated Identity Theft.[1] On or about July 12, 2010 he filed a Complaint under the Administrative Procedures Act ("APA") naming as defendants the Bureau of Prisons, Warden Marion Feathers, and Director Harry Lappin. In it he makes two claims. First, he alleges the BOP violated the APA when it sent out 18 U.S.C. § 4042(c) Notices to state and local law enforcement agencies stating that Moore was required to register as a sex offender. Second, he alleges that the BOP violated the APA when it denied him one year off his sentence for completing RDAP.

_____

[1]When Moore filed his Complaint, he was housed at FDC SeaTac. He has since been transferred to FCI Victorville.

In an Order entered that same day, the Court indicated that Moore's first claim appeared to be properly brought under the APA, but that the second claim was more properly considered as a habeas action under 28 U.S.C. § 2241, and directed the government to file an answer or other responsive pleading.  The government thereafter filed the instant motion to dismiss construing both his claims as brought under 28 U.S.C. § 2241.

Moore's first claim fails.  The Notice sent out by BOP did not indicate that it was being sent because Moore was a sex offender.  *See* Dkt. #8, p. 15.  Therefore, the BOP did not violate the APA as construed by *Fox v. Lappin*, 441 F. Supp. 2d 203 (D. Mass. 2005) nor was his sentence being executed in an illegal way rectifiable under 28 U.S.C. § 2241.

Moore's second claim also fails.  Under 18 U.S.C. § 3621(e)(2)(B) the BOP may reduce an inmate's sentence by up to one year for successfully completing RDAP.  The reduction is discretionary. *McClean v. Crabtree*, 173 F.3d 1176 (9th Cir. 1999).  Moore successfully completed all phases of the RDAP program while serving the sentence imposed for his 2001 conviction for Social Security Fraud, False Representation of a Social Security Number, and False Statements.  His sentence was not reduced because he completed RDAP just four days before his term of incarceration ended.

He now argues that his current sentence should be reduced by one year to reflect the reduction he did not receive while serving his prior sentence.  A reduction under 18 U.S.C. § 3621(e)(2)(B) is only available for the sentence the inmate is currently serving.  Because the statute's purpose is to provide an incentive to participation in drug treatment to further Congress' goal to reduce recidivism, *Bowen v. Hood*, 202 F.3d 1211, 1222 (9th Cir. 2000), to interpret the statute to allow Moore's current sentence to be reduced for RDAP participation during a prior sentence makes no sense.  As the government correctly argues "[i]t would be antithetical to this goal to reward those who reoffend while on supervision, with a reduction in sentence based on a program whose goal is the prevention of continued drug use and new offenses."  Dkt. #13, p. 7.

Respondents' Motion to Dismiss [Dkt. #13] is **GRANTED**.  Moore's Complaint/Petition under 28 U.S.C. § 2241 is **DISMISSED**.

1    A certificate of appealability is not required to appeal the denial of a petition under 28 U.S.C.

2    § 2241.  *Forde v. U.S. Parole Comm'n*, 114 F.3d 878, 879 (9th Cir. 1997).

3        **IT IS SO ORDERED.**

4        The Clerk shall send uncertified copies of this order to all counsel of record, and to any party

5    appearing pro se.

6        Dated this 10th day of January, 2011.

7

8        _____
         RONALD B. LEIGHTON
9        UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28